# John R. Thompson v. Vernon C. Seavor.

1. CONTRACTS—*Construction, Where They Admit of More than One Interpretation.*—Where a contract admits of more than one construction, one of which will render it inoperative between the parties as a contract, that construction should be adopted which will make it effectual, rather than the one which will render it inoperative.

2. SAME—*Rules of Construction.*—Where, from the whole contract, the intention of the parties is plain, and the contract is liable by reason of some particular words to different constructions, one of which will render it of no force, the particular words are to be rejected, the intention of the parties made to prevail, and that construction adopted which will make it effectual in accordance with the real intention of the parties.

**Forcible Detainer.**—Appeal from the Circuit Court of Cook County; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard at the March term, 1900. Reversed and judgment in this court. Opinion filed October 29, 1900.

REMY & MANN, attorneys for appellant.

DAVID S. GEER, attorney for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellee brought forcible detainer against appellant before a justice of the peace for certain premises in Chicago and recovered judgment for possession thereof, from which appellant appealed to the Circuit Court of Cook County, where a trial before the court without a jury resulted in a like judgment for appellee, from which this appeal is taken.

One Charles Netcher was, since February 1, 1898, and at the time of the trial, the owner of the premises in controversy, but was under obligation to the Board of Education of Chicago to improve certain premises of which the premises in controversy were a small part, with a structure costing not less than $250,000, and that in order to get an extension of time to make such improvement he was compelled to pay $4,000 per year additional rental. These

matters being agreed to and no point made, it seems that Netcher was only the owner of a leasehold of the premises in question, as well as those as to which he was under obligation to improve.

February 9, 1898, Netcher demised the premises in controversy to appellant for a term beginning May 1, 1898, and expiring April 30, 1899, for $3,250, payable in equal monthly installments. In this lease was the following typewritten provision, to wit:

" In case the said party shall, during the months of March and April, 1899, decide by notice given to said second party in writing that said first party will not, during the years 1899 or 1900, commence to build on the land on which are situated the premises herein demised, then at the election of the second party evidenced in writing, and served upon the first party during the months of March or April, 1899, the said second party shall be entitled to a renewal of this lease for the year commencing May 1, 1899, and ending April 30, 1900, at the same rental that is herein provided for the present term of said lease."

Under date of April 20, 1899, Netcher made another lease to appellee of the premises in controversy for the term of one year, beginning May 1, 1899, for a total rental of $5,000 for the year, which contains a provision reciting the lease above noted to appellant, including the provision therein for renewal and a covenant by Netcher that he has not served or caused to be served on appellant written notice that he will not, during the year 1899 or 1900, commence to build upon the land on which are situated the premises therein demised; also that appellant has not, prior to April 20, 1899, served a written notice of his election regarding the renewal of said lease; and contains a further provision releasing Netcher from any claim for damages by appellee because of the making of the lease to him or of the failure of appellant to deliver possession of the demised premises on May 1, 1899, or at any time thereafter, or because of the failure of appellee to get possession of the demised premises.

April 21, 1899, appellant gave notice to Netcher that as he, appellant, had not received from him, Netcher, a notice

that the latter had intended to commence to build during the years 1899 and 1900 on the land on which were situated the demised premises, that he, appellant, had elected to retain possession thereof for the term commencing May 1, 1899, and ending April 30, 1900, on the same terms provided for in his lease of February 9, 1898, and that he agreed to be bound by and observe all the covenants, terms and conditions of the last mentioned lease for and during said new term, and, if Netcher preferred it, to execute a new lease, provided it was substantially the same as the lease of February 9, 1898.

Netcher testified that he did not at any time during the months of March and April, 1899, decide by notice given to appellant in writing that he would not, during the years 1899 and 1900, commence to build on the land on which the demised premises were situated, and that he did not have any notice written out and served on appellant. Appellant testified that he understood that he was to go out when his lease expired if the building was torn down, and that he understood that his lease was for one year with the privilege of another if the building remained.

It was admitted that about May 2, 1899, appellee made a written demand on appellant for the possession of the premises in controversy, and at the time of such demand and ever since appellant has been in possession of said premises, claiming under the lease of February 9, 1898.

The foregoing is, in substance, the proof upon which the Circuit Court rendered said judgment, and the sole question presented is, whether appellant was entitled, under the terms of the lease and the foregoing evidence, to a renewal thereof for one year from May 1, 1899. This must be determined from the force and effect to be given to the words "decide by notice given to said second party in writing," contained in the provision for renewal for one year from May 1, 1899, of the lease of February 9, 1898.

Where a contract admits of more than one construction, one of which will render it inoperative between the parties as a contract, that construction should be adopted which

will make the contract effectual, rather than to render it inoperative.    Field v. Leiter, 118 Ill. 17–27; Chicago, M. & N. R. R. Co. v. National Elevator & D. Co., 153 Ill. 70–85; Peckham v. Haddock, 36 Ill. 38–47; 2 Parsons on Cont., 504–5; Minnesota Lumber Co. v. Coal Co., 160 Ill. 85–94.

In the last case the court say :

" Where the terms of the contract are susceptible of two significations, that will be adopted which gives some operation to the contract, rather than that which renders it inoperative."

In this case, although Netcher decided not to build, which was the essential part of the contract so far as he was concerned, and although he might have notified appellant verbally in April and May, 1899, of his decision, still, under the strict letter of the renewal provision, by refraining from giving appellant written notice he could wholly deprive the latter of any benefit of the option of renewal which it is apparent from the whole contract it was the intention that appellant should have.

In construing a contract that construction which will best carry out the intention of the parties will be adopted, and in arriving at the intention the whole of the agreement must be considered.    The intent is more important than particular words or phrases which may have been used in the expression of such intent.    " To carry out the intention, words may be transposed, rejected or supplied, if necessary, and every part of the contract will be made to yield to the one general intent which is expressed therein."    Jones on Construction of Contracts, Secs. 218, 219, 221, and cases cited; Dunlop v. Lamb, 182 Ill. 319–24, in which the Supreme Court in construing an ante-nuptial agreement, quotes approvingly from the above cited sections of Mr. Jones' work.

To a like effect are Street v. Chicago Wharfing Co., 157 Ill. 613; and C., M. & N. R. R. Co. v. Nat. El. Co., 153 Ill. 70–82.

It is claimed for appellee that the contract in question is unilateral and in no way binding upon appellant.    We

think this claim is not tenable. Appellant is bound by the terms of his contract to pay rent for one year, and that is a consideration to support his option for a renewal should the conditions contemplated by the contract arise and he should see fit to avail himself of a further term. McCauley et al. v. Coe et al., 150 Ill. 311–17; Hayes v. O'Brien, 149 Ill. 403–11, and cases cited; Guyer v. Warren, 175 Ill. 334, and cases cited.

It is claimed for appellee that the language of the contract is plain, absolute and unambiguous, and that it must be enforced strictly according to its words; citing Clark v. Mallory, 185 Ill. 233. In that case it was attempted to change the effect of a contract which was plain, certain and unambiguous in its statements, by extraneous evidence, and the court held that it was incompetent and that the intention of the contract was so clear that there was no room for construction in the light of extraneous evidence. The case of Dickeman v. Sunday, etc., Co., 184 Ill. 548, relied upon by appellee, is alike in principle, and the notice in writing there considered was an essential part of the contract.

We think that this rule of construction must yield to the rule above announced, that where from the whole instrument the intention of the parties is plain, and the contract is liable, by reason of particular words, to two constructions, one of which will render the contract of no force, the particular words will be rejected, and the intention of the parties made to prevail, and that construction will be adopted which will make the contract effectual in accordance with the real intent of the parties.

We think it entirely apparent, from the wording of this renewal provision in the lease, considered in the light of the circumstances shown by the evidence, that it was the clear intention of the parties that appellant should have the right to a renewal of his lease provided Netcher should decide during March and April, 1899, that he would not, during the years 1899 or 1900, commence to build on the land on which the demised premises were situated, and

when he made that decision it was a matter of no importance or consequence to him nor to appellant whether the notice to appellant should be given in writing or otherwise. The essential thing was that he should decide not to rebuild during the months of March and April, 1899. It was a matter essential to the validity of a renewal of the lease prior to May 1, 1899, that it should be in writing. If oral, then under the settled law of this State, it being for a term of one year, to commence *in futuro*, the renewal would be invalid under the statute of frauds as to either party. The provision as to Netcher giving written notice, not being essential to their real contract, should be rejected in construing it.

We are therefore of opinion that by virtue of the facts that Netcher decided not to rebuild upon the demised premises during the month of April, 1899, and during that same month appellant gave him notice in writing of his election to take a renewal of the lease of February 9, 1898, appellant was rightfully in possession of the premises in controversy when the same was demanded of him by appellee on May 2, 1899, and was entitled to a judgment in his favor.

If we are right in this view, appellant's lease did not expire until April 30, 1900, and there is nothing in appellee's contention as to the force of the covenant to yield up possession of the premises on April 30, 1899.

The judgment of the Circuit Court of Cook County is reversed and judgment entered in this court in favor of appellant for his costs in this and the Circuit Court.

Reversed, and judgment in this court for appellant.